IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WHITNEY L. HARRIS-CARTER,

    Plaintiff,

v.                                                 Docket No. 1:25-cv-01029-JDB-jay

MADISON COUNTY JAIL,

    Defendant.

---

REPORT AND RECOMMENDATION

---

    Plaintiff Whitney L. Harris-Carter filed this pro se lawsuit against Defendant Madison County Jail on January 30, 2025. (Docket Entry ["D.E."] 1.) At the time she filed her lawsuit, she neither paid the $405 filing fee nor moved to proceed *in forma pauperis*. On February 6, 2025, the Court ordered her to either pay the filing fee of $405 or move to proceed *in forma pauperis* within 30 days of the date of the entry of that Order. (D.E. 4.) Plaintiff was warned in that Order that "[f]ailure to either pay the filing fee or to move for *in forma pauperis* status within the 30-day deadline will result in the dismissal of Plaintiff's Complaint." (*Id*.) The 30-day deadline expired, and Plaintiff did not pay the filing fee or move to proceed *in forma pauperis*. On March 17, 2025, the Court ordered Plaintiff to show cause within 14 days of the date of that Order:

> as to why her lawsuit should not dismissed for failure to comply with an order of the court, and failure to pay the filing fee or move to proceed *in forma* pauperis. Plaintiff's failure to respond to this Order will result in a recommendation to the presiding district court judge that this lawsuit be dismissed.

(D.E. 6.)  Plaintiff has not responded to the March 17, 2025, order.

    Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," the matter may be involuntarily dismissed

1

for failure to prosecute. Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." *Id.* Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the "district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Upon review, Plaintiff has failed to prosecute her case by failing to comply with a court order requiring her to either submit an application to proceed *in forma pauperis* or pay the $405 civil filing fee in a timely manner. Accordingly, pursuant to Rule 41(b), it is recommended that Plaintiff's Complaint be DISMISSED for failure to prosecute.

Respectfully submitted this the 7th day of April, 2025.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**